ANN E. WHITE, EXECUTRIX, ETC., OF NATHANIEL GALLUP, DECEASED, RESPONDENT, v. THE ALBANY RAILWAY, APPELLANT.

*Lease — covenant to repair — when it does not compel a tenant to put the demised premises in repair.*

Prior to April 9, 1868, the defendant was in possession of certain premises as tenant of the plaintiff's testator  The premises were then out of repair.  On that day the plaintiff's testator leased the premises to the defendant for two years from May 1, 1868.  The instrument executed by defendant provided that the lease was "at the yearly rent of $1,000, payable quarterly, and the ordinary taxes and water rates, and repairs necessary, with all alterations, if any needed." That executed by the lessor read : "At the yearly rent of $1,000, payable quarterly, and the ordinary taxes and water rates, and all repairs or alterations necessary." There was the usual agreement "to surrender the premises  *  *  in as good state and condition as reasonable use and wear will permit, damages by the elements excepted."

*Held,* that the defendant was not obliged to put the premises in good repair, or make any repairs or alterations thereon not necessary for its use of the premises.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought by Nathaniel Gallup, in his lifetime to recover from the defendant the rent due upon a lease from him to the defendant, bearing date April 9, 1868, for the term of two years, commencing May 1, 1868.  On his death his personal represented was substituted as a party plaintiff.

The portions of the lease essential to the decision of this case were those relating to repairs ; they were as follows : In the instrument executed by the defendant, " at the yearly rent of $1,000, payable quarterly, and the ordinary taxes and water rates and repairs necessary with all alterations, if any needed." In the instrument executed by the plaintiff, " at the yearly rent of $1,000, payable quarterly, and the ordinary taxes and water rates, and all repairs or alterations necessary." The lease also contained an agreement by the lessee " to surrender the premises  *  *  *  in as good state and condition as reasonable use and wear will permit, damages by the elements excepted."

The action was commenced after the term mentioned in the lease had expired, to recover for the quarter's rent falling due

February 1, 1870, and for that falling due May 1, 1870, for the taxes and water rates which became due December, 1869, which, the defendant having failed to pay, the plaintiff had paid upon the warrants issued to collect the same ; and the cost of the necessary repairs which it was alleged the defendant failed to make in accordance with the term of the lease, and damages resulting from such failure. The defendant made only such repairs as they wished for their own convenience.

*Matthew Hale,* for the appellant.

*G. L. Stedman,* for the respondent. The covenant of the defendant was satisfied by keeping the demised premises in as good condition as they were in at the beginning of the term, and surrendering them at its expiration in such condition as reasonable use and wear would permit, damages by the elements excepted. It is evident that the " necessity " referred to was the necessity of the lessee. (Taylor's Land. & Ten., § 358; *Gutteridge* v. *Manyard,* 7 C. & P., 129; *S. C.,* 1 M. & Rob., 334; *Harris* v. *Jones,* id., 173, 175; *West* v. *Hart,* 7 J. J. Marsh, 258; *Ball* v. *Wyeth,* 8 Allen, 275; *Lockrow* v. *Horgan,* 58 N. Y., 635.)

LEARNED, P. J. :

The principal question is on the meaning of a clause in the lease. The lease is in the form of a landlord and tenant's agreement. The agreement signed by the defendant states that the rent is "$1,000, payable quarterly, and the ordinary taxes and water rents and repairs necessary with all alterations, if any needed." There is the usual agreement to " surrender the premises  *  *  *  in as good state and condition as reasonable use and wear will permit, damages by the elements excepted." The landlord's agreement states the rent at " $1,000, payable quarterly, and the ordinary taxes and water rents and all repairs or alterations necessary." It is plain, then, that the defendant was to pay for " necessary repairs." The defendant claims that this means only such repairs as the defendant should find to be necessary. The plaintiff claims that this means all the repairs which the premises needed at the time of making the lease, or which should become necessary during the term.

It is quite plain that, at the time of making the lease, the premises were not in good repair. Immediately before this time they had been occupied by the defendants, under a lease from the same landlord, which contained a clause that they might make such alterations and repairs as they might consider necessary, they agreeing to pay the expense thereof.

The argument of the plaintiff is that, without this agreement as to repairs, the defendants would be bound to do all which they claim this agreement binds them to ; and that the agreement is of no effect, unless it has the meaning claimed by the plaintiff.

At common law the landlord, without special covenant, was not bound to repair. The tenant was bound to treat the premises, so that no injury be done ; not to make substantial, lasting or general but only ordinary repairs. (*Suydam* v. *Jackson*, 54 N. Y., 450.) That obligation did not extend to making the premises better than they were when the lease began.

The case of *Green* v. *Eden* (2 T. & C., 582) cited by the plaintiff differs from the present. In that case the tenant covenanted " as a further rent to keep the premises in good repair and condition." The words " good repair " were held to make him liable to repair defects existing at the commencement of the lease. In the case of *Lockrow* v. *Horgan* (58 N. Y., 635), also cited by the plaintiff, the lessee agreed to make necessary repairs, and to keep the premises tenantable at his own costs. The defect which this agreement was held to cover was the settling of a wall, owing to defective construction, a matter which took place after the commencement of the lease. Neither of these cases, therefore, shows that an agreement to do necessary repairs requires the lessee to make the premises better than they were. In the case of *Myers* v. *Burns* (35 N. Y., 269), the landlord covenanted to keep the hotel and premises in good, necessary repair, at his own expense. He was held liable to do what was necessary, although the defect had existed at the commencement of the lease. It will be seen, however, that the repairs, for which he was thus liable, were those necessary to the tenant's use of the premises ; and as there is no doubt, in the present case, that the tenant was to do whatever he deemed necessary for himself, that case is but little guide on the present question.

In construing this agreement we may consider the fact, that these defendants had been in previous occupation of the premises for the same purposes for which they used them during the present lease, and fully knew their condition. And, although the tenant may agree to expend money on the landlord's premises, beyond what is needed for his own purposes, yet this is an agreement which he is not likely to make. And it should be unequivocally expressed. The ordinary rule, of course, is that the tenant takes the property just as it is, and pays his rent for the use of it in that condition. (Taylor Land & Ten., § 358.) All that he is to do is to restore it as he took it. And this is so reasonable that it would be the probable meaning of any agreement of lease which did not expressly state otherwise. In the present case the word "necessary" applied to repairs, may well be understood to denote such repairs as were necessary to the defendants, and not such as might be necessary for some future or different use of the property, after their lease had expired. This view is strengthened by the further clause of surrender in as good state and condition as reasonable use and wear would permit. If the defendants were bound to put on repairs, other than those which they found necessary — that is, if the defendants were bound to leave the property in better condition than they found it, this clause of surrender would be inconsistent with the former part of the lease. (*Ball* v. *Wyeth*, 8 Allen, 275.)

Nor do we think that much weight is to be given to the argument that the defendant would have been bound to do necessary repairs, without any express agreement. Parties wisely insert such clauses, that there may be no misunderstanding; sometimes, too, because they mistake, or are uncertain as to the law.

We think, therefore, that the referee erred in giving damages for the failure of the defendants to make the repairs needed at the time the lease was taken. The referee has found that there is no evidence from which can be determined the amount of expense of repairing such damages as accrued during the term, apart from that which existed at the time the lease was made. Of course, therefore, we cannot determine this.

The judgment must be reversed, and a new trial granted, and reference discharged, costs to abide event, unless the plaintiff

stipulate, within twenty days after notice of the order, to reduce the recovery to the amount allowed for rent and interest and for taxes and interest, as to which there is no dispute, this amount being at the date of report $832.08. And if the plaintiff so stipulate then the judgment so reduced is affirmed, without any costs of appeal.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Ordered accordingly.